Caruthers, J.,
delivered the opinion of the Court.
This action of ejectment was instituted in the Circuit Court of Marion county, on the 3d of March, 1856. Between the July and November Terms, 1857, the cause was submitted to the arbitrament and award of Key, Welcker and Turney, by the written agreement of the parties. At the latter Term said agreement and the award of the referees in favor of the plaintiffs, were -presented to the Court and spread upon the minutes, as the judgment of the Court. It is agreed in the article of submission, that the “ decision” of the arbitrators “shall he entered upon the record as the judgment of the Court.” And further, that “the undersigned agree to abide by and be bound by said decision, each party reserving, however, the right of appeal to the Supreme Court.”
After entering the award and the judgment of the Court upon it, the record continues, “the defendants, by their attorneys, except in law and tender their bill of exceptions to the Court, which is signed and sealed by the arbitrators and the Court, and made a part of *151 the record, and pray an appeal,” &c. The so-called bill of exceptions consists of the title papers and other evidence, written and oral, reported by the arbitrators, as having been submitted to them, and on which they made their award, and is signed by them under seal. At the close of this the Judge states that:
“ The foregoing was agreed to by the parties, by their attorneys, and signed by the arbitrators, and was filed in open Court as the bill of exceptions in the causé; and by consent, is made a part of the record in the cause in this Court.”
This is certainly, to say the least, a very novel proceeding, and surely has never before been known in the practice of the Courts in England or America. The proof upon which the award was made was unknown to the Court, not having been introduced before it in a trial of issues, and therefore can properly find no place in a bill of exceptions to which reference can be made by this Court. What questions of law or fact may have arisen before, and been decided by the arbitrators in arriving at their conclusions, we cannot know, because the evidence is not before us by the certificate of the Judge, and could not be, as it was never heard by him.
But it is insisted, that the right of appeal to this Court was expressly reserved to either party in the articles of submission. Could that agreement give us jurisdiction? Our jurisdiction is confined to appeals from judicial tribunals, and has never yet been extended to cases out of Court. If parties prefer to submit their matters of difference to private and unofficial individuals, they have a right to do so, but cannot appeal from a *152 tribunal of tbeir own creation, to those established by law. The reservation of such a power is utterly void and inoperative.
They might have objected to the award being made the judgment of the Court, upon such grounds as are recognized by the law; and in that mode brought under adjudication there, and here by appeal, all questions thus properly made. But nothing of that sort was done and the case is here by simple appeal from the award of the arbitrators. This, as we have seen, cannot be done and the appeal is, therefore, dismissed and the cause remanded for the execution of the judgment upon the award.